## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **RODERICK L. NICKSON,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | **Civil Action File No.** |
| | **:** | |
| **v.** | **:** | **Jury Trial Demand** |
| | **:** | |
| **C&W FACILITY SERVICES, INC.,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| _____ | **:** | |

## COMPLAINT

**COMES NOW** Plaintiff, Roderick L. Nickson ("Plaintiff"), by and through counsel undersigned, and hereby submits this Complaint against Defendant, C&W Facility Services, Inc. ("Defendant" or "C&W"), and shows the Court, as follows:

## Authority

### 1.

This cause of action arises under the provisions of the Family and Medical Leave Act of 1993 ("FMLA"), seeking a remedy for FMLA-based discrimination and retaliation; and, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking a remedy for unpaid overtime compensation.

## Parties, Jurisdiction and Venue

### 2.

Plaintiff is a resident of the State of Georgia and of the Northern District of Georgia.

### 3.

Defendant is a Foreign Profit Corporation, doing business in the State of Georgia.  Defendant's principal office address is 140 Kendrick Street, Building C, Suite 201, Needham, Massachusetts 02494.  This Defendant may be served via its registered agent, C T Corporation System, located at 289 South Culver Street, Lawrenceville, Georgia 30046-4805.

### 4.

Jurisdiction and venue are proper in this Court.

## Factual Allegations

### 5.

In 2008, Defendant hired Plaintiff as a carpenter.  In 2012, Plaintiff was promoted to the position of Maintenance Manager, and in 2018, Plaintiff performed the duties of a CMMS (Computerized Maintenance Management System) Planner and Scheduler and those of a Data Entry Clerk until November of 2021.

-2-

**6.**

In 2018, Plaintiff was involved in two motor vehicle accidents ("MVA"), was restricted to light duty as a result of injuries he sustained in the accidents, and was granted intermittent FMLA by Defendant to attend medical and physical therapy appointments, as necessary.

**7.**

Eventually, Plaintiff was advised that a total hip replacement would be necessary to resolve his ongoing pain and other symptomatology.

**8.**

In early 2021, Plaintiff advised Defendant of his need for future surgery, which was eventually accomplished on October 21, 2021. Plaintiff's subsequent recuperation was expected to last for several weeks.

**9.**

However, in late September of 2021, and despite Plaintiff being on intermittent FMLA status, Plaintiff's Director, Martha Anderson, advised Plaintiff that his position was being eliminated, and that Plaintiff could not apply for the "new" position of Planner/Scheduler, the job Plaintiff had been doing for the last several years, because he "was not qualified" to do so.

**10.**

On October 15, 2021, while Plaintiff remained on intermittent FMLA status, Defendant hand-delivered a letter to Plaintiff advising him that he was being demoted to the position of General Maintenance Technician, and that, his employment status would change from salary-exempt to hourly-non-exempt. Additionally, the letter indicated that Plaintiff would no longer be eligible for the corporate paid time off "PTO" plan, or any other benefits associated with his former position, described in the letter as "Facilities Coordinator." This was the first time Plaintiff had become aware of that title, and, he had never been given a written job description for Facilities Coordinator.

**11.**

Beginning on November 8, 2021, Plaintiff's hourly pay rate was decreased from $28.22 to $19.00.

**12.**

Plaintiff sought legal counsel, who, in December of 2021, sent a letter of representation to Defendant advising Defendant of its apparent violations of Plaintiff's federally protected rights.

**13.**

On January 25, 2022, Plaintiff returned to C&W from his medical leave, with a no work restrictions status.

**14.**

One responsibility listed in Plaintiff's new job description for General Maintenance Technician is to "Maintain a professional, safe and clean environment." Ironically, the new work area assigned to Plaintiff is filthy, cluttered, littered with trash/dirt/debris, and appears to have not been organized or cleaned for a long period of time, possibly years.

**15.**

For three years prior to this lawsuit, Defendant improperly treated Plaintiff as a salaried, exempt employee. During that time period, Plaintiff worked more than 40 hours per week, and was not compensated for his overtime hours.

## <u>COUNT I</u>
**(FMLA Discrimination - and Retaliation)**

**16.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**17.**

Defendant discriminated against Plaintiff due to his ongoing, intermittent FMLA status, which was absolutely necessary, and, was prescribed by his treating physician.  Upon his return from the medical leave, Plaintiff was retaliated against by Defendant by demoting him, and assigning him an inferior, filthy, work area within the company.

**18.**

The Defendant willfully, or with reckless indifference, violated the FMLA by demoting Plaintiff while Plaintiff was on intermittent FMLA status, and then retaliated against Plaintiff by assigning him to an inferior, filthy, work area within the company.

**19.**

As a direct result of Defendant's FMLA-based discrimination and subsequent retaliation, Plaintiff lost earnings and continues to lose earnings, lost his substantial benefits, and incurred and continues to incur litigation costs and attorney's fees.

## COUNT II
### (Claim For Relief Under FLSA § 207)

**20.**

Plaintiff incorporates by reference, as though fully set forth herein, the allegations contained in the preceding Paragraphs.

**21.**

The above facts support Plaintiff's claim for relief under the FLSA.

**22.**

Defendant is liable to Plaintiff for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

**23.**

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.

**24.**

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected rights.

**25.**

Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for a period of three years, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a)     Take jurisdiction of this matter;

(b)     That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the FMLA or the FLSA;

(c)     That Defendant be ordered to formulate, distribute and implement a written policy which does not discriminate in any manner which is a violation of the FMLA or the FLSA;

(d)     That Defendant be ordered to promote Plaintiff into his former position or a position substantially similar to that held prior to his demotion, with full salary, seniority, and benefits running from the date of termination;

(e)     That Defendant be ordered to compensate, reimburse, and make whole the Plaintiff for all the benefits he would have received had it not been for Defendant's illegal actions, including but not limited to pay, unpaid overtime, insurance benefits, costs, bonuses, raises, training, promotions, and seniority.

Plaintiff should be accorded these illegally withheld benefits from the date Plaintiff was demoted until the date Defendant tenders substantially equivalent employment, with interest, on the above withheld amounts to the date of payment;

(f)     That Plaintiff be awarded compensatory and punitive damages to compensate for the humiliation, pain, suffering and stigma associated with discrimination;

(g)     That Plaintiff be awarded payment for each overtime hour worked, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due Plaintiff, and prejudgment interest on all amounts owed, as required by the FLSA;

(h)     That Plaintiff recover costs and expenses of litigation including an award of reasonable attorney's fees.

(i)     That Plaintiff recover compensatory damages in an amount determined by the jury;

(j)     That Plaintiff recover prejudgment interest;

(k)     That a declaratory judgment be issued that the practices complained of are unlawful and void;

(l)     Grant a trial by jury as to all matters properly triable to a jury; and

(m)     For such other and further relief as the Court deems just and proper.

## **Jury Demand**

Plaintiff herein demands a trial by jury of all issues in this action.

Dated this 28th day of January 2022.

                                         **PANKEY & HORLOCK, LLC**

                            By:  */s/ Larry A. Pankey*
                                      Larry A. Pankey
                                      Georgia Bar No. 560725
                                      ***Attorneys for Plaintiff***

Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com

## <u>CERTIFICATION OF FONT SIZE</u>

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, Roderick L. Nickson, hereby certifies that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 28th day of January 2022.

**PANKEY & HORLOCK, LLC**

By:  */s/ Larry A. Pankey*
     Larry A. Pankey
     Georgia Bar No. 560725
     ***Attorneys for Plaintiff***

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RODERICK L. NICKSON, | : | |
| | : | |
| Plaintiff, | : | Civil Action File No. |
| | : | |
| v. | : | Jury Trial Demand |
| | : | |
| C&W FACILITY SERVICES, INC., | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing

**Complaint** with the Clerk of Court using the CM/ECF system.

Dated this 28th day of January 2022.

**PANKEY & HORLOCK, LLC**

By:  /s/ *Larry A. Pankey*
      Larry A. Pankey
      Georgia Bar No. 560725
      ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:  770-670-6250
Facsimile:   770-670-6249
LPankey@PankeyHorlock.com